UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INSTINCT INC. D/B/A COLGVITA AND D/B/A UNIFULL, <br><br> Defendant. | Civil Action No. 1:25-cv-06268 <br><br> [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION |

Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. ("Plaintiffs") have moved against Defendant American Instinct Inc. d/b/a ColgVita and Unifull ("Defendant") for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction. The Court, having reviewed the Complaint, Memorandum of Law, and supporting Declarations and accompanying exhibits, finds that:

1.  Plaintiffs are likely to succeed in showing that they own valid and enforceable rights in the following trademarks and trade dresses: the federally registered BRAZILIAN BUM BUM, CHEIROSA, and BRAZILIAN CRUSH word marks; the SDJ Trade Dresses for the primary packaging designs of Plaintiffs' Brazilian Bum Bum Cream, Bom Dia Bright Cream, Beija Flor Elasti-Cream, Delícia Drench Body Butter, and Cheirosa Perfume Mists products; and the CHEIROSA Logo pictured below (altogether, the "SDJ Marks").



2.  Plaintiffs are likely to succeed in showing that Defendant, by distributing,

1

marketing, and selling various body cream and fragrance products under trademarks and in packaging designs similar to the SDJ Marks (the "Infringing Products"), has infringed the SDJ Marks in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and related New York common law. The Infringing Products include the following products shown below:





















3.     Consistent with 15 U.S.C. § 1116(a), Defendant's continued distribution, marketing, or sale of the Infringing Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not granted.

4.     The balance of hardships to the parties and the public's interest in being free from confusion, deception, and mistake would both be served by injunctive relief.

THEREFORE, IT IS HEREBY ORDERED that Defendant, and its officers, agents,

servants, employees, and attorneys, and all those in active concert or participation with them, are TEMPORARILY RESTRAINED pursuant to Federal Rule of Civil Procedure 65 from infringing the SDJ Marks or Plaintiffs' rights therein, or using or exploiting the SDJ Marks, by:

 a. Using any reproduction, counterfeit, copy, or colorable imitation of the SDJ Marks (as defined herein) for and in connection with any goods or services not authorized by Plaintiffs;

 b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputations or goodwill in the SDJ Marks;

 c. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendant's unauthorized goods or services as Plaintiffs', or sponsored by or associated with Plaintiffs, and from offering such goods or services into commerce;

 d. Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiffs that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the SDJ Marks;

 e. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendant are in any manner associated or connected with Plaintiffs, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs;

 f. Secreting, destroying, altering, removing, or otherwise disposing of the Infringing Products, or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale,

advertising, promoting, renting, or displaying of all Infringing Products;

g. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order, or any subsequent order or final judgment in this action; and

h. Processing any payments for or otherwise providing any online services related to the sale of Infringing Products.

IT IS FURTHER ORDERED THAT this Temporary Restraining Order shall remain in effect until August 18, 2025, the date of the show cause hearing.

IT IS FURTHER ORDERED THAT Defendants shall appear on August 18, 2025, at 4:00 p.m., ~~or as soon thereafter as counsel can be heard, in Courtroom~~ remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules to show cause why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiffs a Preliminary Injunction to continue the temporary restraining order.

IT IS FURTHER ORDERED THAT the Defendants' answering papers, if any, shall be filed with the Clerk of this Court ~~and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Fross Zelnick Lehrman & Zissu, P.C., 4 Times Square, 17th Floor, New York, New York 10036, Attn: John P. Margiotta, Esq.,~~ no later than August 12, 2025. Any reply shall be filed and served by Plaintiffs ~~at the hearing.~~ no later than August 15, 2025 at 5:00 p.m.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same or similar terms and conditions as comprise this Temporary Restraining Order.

SO ORDERED.

Dated: ~~July~~ August 4, 2025, at 4:15 p.m.
New York, New York

_____
Honorable Jesse M. Furman
United States District Court Judge

No later than **August 15, 2025**, at **5 p.m.**, Plaintiffs shall post a $10,000 bond.

No later than **5 p.m. tomorrow, August 5, 2025**, Plaintiffs shall serve a copy of this TRO on Defendant by e-mail and overnight courier and on defense counsel by email and file proof of such service on the docket.

The teleconference scheduled for **August 18, 2025 at 4:00 p.m.** will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, no later than 24 hours before the conference, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.