UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INSTINCT INC. D/B/A COLGVITA AND D/B/A UNIFULL, <br><br> Defendant. | Civil Action No. 1:25-cv-06268 <br><br> [PROPOSED] PRELIMINARY INJUNCTION ORDER |

Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. ("Plaintiffs") have moved against Defendant American Instinct Inc. d/b/a ColgVita and Unifull ("Defendant") for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction. The Court issued a Temporary Restraining Order on August 4, 2025, and ordered Defendant to show cause why a Preliminary Injunction Order should not be entered. (ECF No. 19). Defendant responded that it would not oppose a Preliminary Injunction Order under the same substantive terms as the Temporary Restraining Order (ECF No. 22). The Court, having reviewed the Complaint, unopposed Memorandum of Law, and supporting Declarations and accompanying exhibits, finds that:

1.      Plaintiffs are likely to succeed in showing that they own valid and enforceable rights in the following trademarks and trade dresses: the federally registered BRAZILIAN BUM BUM, CHEIROSA, and BRAZILIAN CRUSH word marks; the SDJ Trade Dresses for the primary packaging designs of Plaintiffs' Brazilian Bum Bum Cream, Bom Dia Bright Cream, Beija Flor Elasti-Cream, Delícia Drench Body Butter, and Cheirosa Perfume Mists products; and the CHEIROSA Logo pictured below (altogether, the "SDJ Marks").

1



2.     Plaintiffs are likely to succeed in showing that Defendant, by distributing, marketing, and selling various body cream and fragrance products under trademarks and in packaging designs similar to the SDJ Marks (the "Infringing Products"), has infringed the SDJ Marks in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and related New York common law. The Infringing Products include the following products shown below:
























 

3. Consistent with 15 U.S.C. § 1116(a), Defendant's continued distribution, marketing, or sale of the Infringing Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not granted.

4. The balance of hardships to the parties and the public's interest in being free from confusion, deception, and mistake would both be served by injunctive relief.

5. Defendant has not submitted evidence or argument contrary to these findings and does not oppose entry of a preliminary injunction.

THEREFORE, IT IS HEREBY ORDERED that Defendant, and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are PRELIMINARILY ENJOINED pursuant to Federal Rule of Civil Procedure 65 from infringing the SDJ Marks or Plaintiffs' rights therein, or using or exploiting the SDJ Marks, by:

    a. Using any reproduction, counterfeit, copy, or colorable imitation of the SDJ Marks (as defined herein) for and in connection with any goods or services not authorized by Plaintiffs;

    b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputations or goodwill in the SDJ Marks;

    c. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendant's unauthorized goods or services as Plaintiffs', or sponsored by or associated with Plaintiffs, and from offering such goods or services into

commerce;

  d. Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiffs that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the SDJ Marks;

  e. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendant are in any manner associated or connected with Plaintiffs, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs;

  f. Secreting, destroying, altering, removing, or otherwise disposing of the Infringing Products, or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all Infringing Products;

  g. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order, or any subsequent order or final judgment in this action; and

  h. Processing any payments for or otherwise providing any online services related to the sale of Infringing Products.

IT IS FURTHER ORDERED that Defendant shall remain so enjoined and that the $10,000 bond posted by Plaintiffs pursuant shall remain throughout the pendency of this litigation or until otherwise ordered by this Court.

SO ORDERED.

Dated: August 18, 2025
      New York, New York

                                              Honorable Jesse M. Furman
                                              United States District Court Judge

The Clerk of Court is directed to terminate ECF No. 8.