

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2026

**John P. Margiotta**
Partner

3.5900
lz.com

February 25, 2026

> Application DENIED without prejudice. The undersigned is not referred for general pre-trial management and as such cannot issue a stay.  The parties may direct this request to Judge Furman.

Honorable Katharine H. Parker, USDJ
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**SO ORDERED:**            2/26/2026

*Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Dear Judge Parker:

Pursuant to Your Honor's Individual Practices, Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. ("Sol de Janeiro") respectfully request a stay of all discovery deadlines pending the outcome of the settlement conference currently scheduled for March 16, 2026.

**Procedural Background**
On January 6, 2026, Judge Furman extended all discovery deadlines by 60 days (ECF No. 41) to allow the Parties to "focus on settlement in the near term," and referred the case to Your Honor for mediation. The Parties contacted Your Honor immediately after securing that extension and referral to schedule a mediation with Your Honor. During our initial session, the parties and the Court agreed that limited discovery on sales figures would be necessary beforehand. On that basis, Your Honor scheduled the settlement conference for March 16, 2026 (ECF No. 44). Unfortunately, we neglected during that conference with the Court to note that fact discovery is currently set to close on March 27, 2026, only eleven days after the mediation.

**Requested Relief**
We believe that, consistent with Judge Furman's original intent, the close of fact discovery should be moved until 60 days after the conclusion of the mediation. This will enable the parties to concentrate their resources in the near term on settlement and avoid the costs of litigation.

**Meet and Confer**
Sol de Janeiro circulated a version of this letter to defense counsel for approval as a joint submission on February 13, 2026. Despite good-faith efforts by defense counsel, he has been unable to reach his client to obtain comment on our request and does not feel empowered to do so without his client's approval. Given the impending deadlines, however, Sol de Janeiro did not want to wait any longer. Defense counsel has not raised any objection to the relief requested.

Finally, if this request should be directed to Judge Furman, please advise and we will resubmit accordingly. We thank the Court for its time and consideration.

Respectfully submitted,
*/s/ John Margiotta*
John P. Margiotta