Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INSTINCT INC. D/B/A COLGVITA AND D/B/A UNIFULL, <br><br> Defendant. | Civil Action No.: 1:25-cv-06268 |

## FINAL JUDGMENT ON CONSENT

This matter, having been commenced by Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. (together, "Plaintiffs") by filing a complaint against Defendant American Instinct Inc. d/b/a ColgVita and d/b/a Unifull on July 30, 2025 charging Defendant with trademark infringement of a registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under New York common law based on Defendant's promotion, offering for sale, and sale of body care products that bear Plaintiffs' federally registered trademarks, common law trademarks, and trade dresses;

Defendant having agreed to entry of this Final Judgment on Consent (the "Judgment");

Defendant making, in connection with and as inducement for the entry of the Judgment, the following admissions and representations that are material terms of and form the basis for entry of this Judgment and upon which Plaintiffs and the Court have relied:

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA

a.    Defendant acknowledges Plaintiffs' exclusive rights in and to the Sol de Janeiro Marks (as that term is defined in the Complaint);

1.    Defendant has ceased promoting, offering for sale, selling, and distributing any body care products under trademarks and in packaging designs similar to the Sol de Janeiro Marks (the "Infringing Products"). The Infringing Products include the following products shown below:

 

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA








Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA



Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA









68+ELASTI





59+BODY

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA




b.    Defendant never manufactured any of the Infringing Products;

c.    Defendant has ceased purchasing from any party any Infringing Products;

d.    Defendant's total purchases of the Infringing Products was not more than $12,000.

e.    Defendant has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

This Court having made the following findings and conclusions:

A.    The Court has jurisdiction over the subject matter of the Civil Action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b).

B.    The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

C.    The Court has personal jurisdiction over Defendant under Section 301 and 302 of the New York Civil Practice Laws and Rules.

D.    Venue is proper in this District pursuant to Section 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b) & (c).

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.    Judgment is granted in favor of Plaintiffs and against Defendant on Plaintiffs' claims for trademark infringement of a registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under New York common law.

2.    Within five (5) days of this Order, Defendant shall certify in writing, sworn under oath and punishable by contempt, that it has destroyed all remaining inventory of the Infringing Products. Defendant shall furnish pictures and/or video of such destruction to Plaintiff's counsel by no later than seven (7) days from this Order.

3.    Defendant shall pay to Plaintiffs a settlement amount of sixty thousand dollars ($60,000) in twelve (12) equal installments of five thousand dollars ($5,000). The first payment shall be due within five (5) days of this Order and each subsequent payment shall be due on the first of each successive month. Within five (5) days of this Order, Defendant shall provide to counsel for Plaintiffs the first check for $5000 payable immediately and eleven additional checks for $5000 each post-dated to the dates on which the payments are due so that Plaintiffs' counsel may cash each on the due date each month. Should the funds be insufficient for any of these checks, Defendant shall be in direct violation of this Order and such violation shall accelerate all subsequent payments due hereunder so that the entirety of the remaining sum is immediately due. Further, such failure to pay shall subject Defendant to potential sanctions within the discretion of the Court for violation of this Order.

4.    Defendant, and its officers, agents, servants, and employees, and all those in active concert or participation with them, and any entity created, owned, or controlled in whole

7

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA

or in part by Defendant now or in the future, are each hereby permanently enjoined and forever restrained from:

a.    Using any reproduction, counterfeit, copy, or colorable imitation of the Sol de Janeiro Marks for and in connection with any goods or services not authorized by Plaintiffs;

b.    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputations or goodwill in the Sol de Janeiro Marks;

c.    Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendant's unauthorized goods or services as Plaintiffs', or sponsored by or associated with Plaintiffs, and from offering such goods or services into commerce;

d.    Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiffs that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the Sold de Janeiro Marks, including, but not limited to, any of the Infringing Products;

e.    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendant are in any manner associated or connected with Plaintiffs, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs;

f.    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the

8

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA

prohibitions set forth in this Order, or any subsequent order or final judgment in this action; and

g.    Processing any payments for or otherwise providing any online services related to the sale of Infringing Products.

5.    Any violation by Defendant of any provision of this Judgment or any error or omission in any of Defendant's representations shall constitute contempt of a Court order, and Plaintiffs shall be entitled to all relief under 18 U.S.C. § 401, *et seq.*, as well as the following relief and remedies from Defendant, which remedies are cumulative:

a.    disgorgement to Plaintiffs of all profits Defendant receives in connection with selling any products that are prohibited under the terms of this Judgment. For purposes of assessing such profits, Defendant shall provide a list of all items purchased from third parties and shall disclose the price at which Defendant sold all such products. Plaintiffs shall be entitled to the difference between the sale price received by Defendant and the purchase price Defendant paid;

b.    all investigation costs incurred by Plaintiffs in learning of or investigating any violation or breach of this Judgment;

c.    all of Plaintiffs' costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Defendant or its counsel of any violation or breach of this Judgment, and bringing any action for violation or breach of this Judgment; and

d.    any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA

Defendant shall not challenge Plaintiffs' rights to any of the relief identified in subparagraphs 4(a)-(d). In addition to the relief identified above, Plaintiffs may also pursue all remedies provided by the Lanham Act or any other law.

6.  This Judgment resolves the claims and demands that were asserted by Plaintiffs in the Civil Action against Defendant and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Defendant in the Civil Action and all relief and remedies requested or that could have been requested by Defendant, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, and defenses.

7.  The parties shall bear their own costs and attorneys' fees.

8.  The parties to this Judgment waive all rights to appeal from entry of this Judgment.

9.  Defendant acknowledges that it has obtained advice of counsel with respect to this Judgment. Defendant further acknowledges that its decision to consent to the entry of this Judgment was not influenced by any promises, representations, or statements made by Plaintiffs or anyone acting on their behalf other than those set forth herein.

10.  This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

11.  By their signatures and acknowledgments below, the parties agree to be bound by the terms of this Judgment.

12.  This Judgment is a final judgment.

10

Docusign Envelope ID: DA3AA4F3-BA15-4BBA-BB34-06BFEBF104AA

Dated: March 16, 2026

SO ORDERED:

Hon. Jesse M. Furman
United States District Court Judge

STIPULATED AND AGREED:

Dated:  Geneva, Switzerland
        March 13, 2026

SOL DE JANEIRO USA INC.

By: _____

Name: _____

Title: _____

Dated:  Geneva, Switzerland
        March 13, 2026

SOL DE JANEIRO IP, INC.

By: _____

Name: _____

Title: _____

Dated:   New York, New York
         March __, 2026   3/11/2026 | 4:32 下午

AMERICAN INSTINCT INC. D/B/A COLGVITA
AND D/B/A UNIFULL

By: _____
    1074927BDDE64C0...

Name: _____ Changmao Tong

Title: _____ President and CEO

11